[No. 4640.]

EATON, EXECUTOR, v. THE LARIMER AND WELD IRRIGATION COMPANY ET AL.

1. **Water Rights—Pleading—Contracts.**

A complaint which alleged that defendant water company was the owner and in control of a ditch in which were three classes of water rights; that plaintiff was the owner of a third class right, which entitled him to the use of water only after the first and second class rights were satisfied; that the stock of the company was issued to the holders of second class rights under contracts now in force, which provide that each right should only be used on specified lands for irrigation; that defendant F. is the owner of a water right under said contract and that said defendant F. with the consent of the defendant company was taking water from the ditch to irrigate lands other than those described in his contract as well as those described, and that he was diverting more water than was necessary to irrigate the land described in his contract and was depriving plaintiff of water to which he was entitled, stated facts sufficient to entitle plaintiff to relief, and it was error to sustain a demurrer thereto.

2. **Pleading—Demurrer.**

Objections that do not appear upon the face of a complaint cannot be raised by demurrer.

*Error to the District Court of Weld County:*
*Hon. Christian A. Bennett, Judge.*

Mr. JAMES W. McCREERY and Mr. JOHN T. JACOBS, for plaintiff in error.

Mr. H. N. HAYNES, for defendants in error.

CHIEF JUSTICE GABBERT delivered the opinion of the court.

According to the averments of the complaint, the defendant in error company is the owner and in control of a ditch in which there are three classes of water rights. • The plaintiff owned the third class, which is only entitled to the use of water remaining after the first and second class rights are satisfied. It also appears that the stock of the company was issued to the owners and holders of the second class rights under contracts now in full force and effect, which provide, *inter alia*, that each right should only be used upon specified lands for irrigation, and that when rights were sold equal to the estimated capacity of the ditch a certain number of shares of stock of the company should be issued to the owner of every water right sold. The complaint then avers that the stock of the company has been issued to the owners and holders of these contracts, but that this transaction in no manner changed or modified the rights of the contract holders with respect to the use of water. It then avers that the defendant in error Finley is the owner of a water right secured under one of these contracts, and with the consent of the defendant company is taking water from the ditch for use on lands described in his contract, as well as on others, whereby he is diverting more water than necessary to irrigate the land described in his contract. It is then charged that this excess use deprives the plaintiff of water to which he is entitled. Defendants interposed a general demurrer to the complaint, which was sustained and the cause dismissed. This was error. The complaint clearly states facts which entitled the plaintiff to relief. The demurrer admits its averments, and according to them the defendants are infringing upon and depriving the plaintiff of his just rights. He is the owner of junior rights, but the owner of a senior right cannot enlarge his use of

water to the injury of a junior right holder. It is said by counsel for defendants that when the stock was issued to the water right holders the limitation imposed by the contracts that water should be used upon specified lands was no longer in force. We do not so read the complaint. It states that the contract is in full force and effect, and that the issuance of stock did not enlarge or change the rights of the water right holders. It is also urged by counsel for defendants, in support of his contention that the ruling below is correct, that the limitation of use to particular land was subject to waiver by the company, and that the board of trustees are the final arbiters of disputes between consumers; that this board have waived the requirements restricting the application of water; that the decree in the Wyatt case, affirmed in part by this court (23 Colo. 490), fixed the rights of the parties to this action to be that the preferred water right owners had the right to the use of water without any other restriction than that of beneficial use, and that the maximum amount should not be exceeded.

We can only look to the complaint to determine its sufficiency, and cannot consider extraneous matters. If the conditions exist which counsel for defendants has called to our attention, and upon which he relies in support of his demurrer, and are material (upon which we express no opinion), they cannot be considered, because they do not appear upon the face of the complaint, and therefore cannot be raised by demurrer.

The judgment of the district court is reversed and the cause remanded with directions to overrule the demurrer to the complaint.

*Judgment reversed.*

Mr. JUSTICE GODDARD and Mr. JUSTICE BAILEY concur.